Curia, per

Evans, J.
In the case of The State vs. Mobley, M'Mullan, 44, it was decided that a road originally laid out by order of the county court as a travelling road, and ordered to be kept in repair by . the persons who lived contiguous thereto, and had the benefit thereof, was so far a public road, that one obstructing it might be indicted. It is very clear, from the old Acts on the subject of laying out roads, that public roads, as distinguished from private ways, are of different kinds. As early as 1721, the distinction between public highways, and private paths, was made; and this was kept up in all the laws relating to the powers of the commissioners of roads, which were passed, up to the road law of 1788. Since that time, the words “ private paths” have, I believe, been dropped in'the legislation on the subject of roads. These private paths have not been supposed to be individual roads, or private ways, but, as is said in Wethers’ case, (see 3 Brev. 85, State vs. Mobley, 1 M'Mullan, 47,) neighborhood ways, “ not commonly used by others than the people of the neighborhood where they are, although they may be used by any one who may have occasion to do so;” and the Act of 1741, (see 9 Stat. at Large, 128,) directs at whose application they shall be granted, and who are to .open and keep them in repair. If you can go back to their origin, and shew they were opened by public authority, or if it can be shewn that they have been worked on and kept in repair by the labor of a neighborhood generally, I should suppose such roads could not be regarded as private ways, and the remedy for obstructing them would be by indictment and not a civil action. In relation to this kind of public roads, I can see no reason why the public may not claim by prescription, in the same way as individuals; but the evidence of right arising from prescriptive use alone, ought, perhaps, to be of the same adverse character as in the case of a private way. If this road was of this character, then the present action for obstructing cannot be maintained. *22 But I must not be understood as meaning that where a clear right of private way is established, that it is to be defeated, because other persons than the plaintiff have used the road, such use being in no wise inconsistent with the right, although that fact may greatly weaken the presumption of a grant arising out of the use. Nor do I suppose the proposition can.be maintained, that a private right of way must be exclusive. I can see no reason why two or even more may not acquire a right, in the same way and by tile same adverse use by which one may acquire it. But if the same evidence by which the right is established in one or two; would establish a right in the neighborhood generally, then the road would not be a private way, but one of the neighborhood roads, or private paths spoken of in the Acts of the Legislature. I have made these remarks, because one of the grounds alleges, that this road was -a settlement road, common to the whole neighborhood, without intending to express any opinion of their applicability to this particular road.
I think it is now pretty well settled by the cases of Sims vs. Davis, Cheves 1, and Hogg vs. Gill, M'Mul. 329, that no prescriptive way can be established otherwise than by an adverse use of it for twenty years; and where the way passes through forest land, the mere use, unaccompanied by any acts indicating that the party claims the, use as a right, cannot give a right of way. In this case the acts from which the plaintiff attempts to give an adverse or hostile character to his use, are, that he cut out a tree or, trees that had fallen across the path, and that at different times the way had passed on one' side of the pond, then on the other, and at another time through the edge, one of which changes had been made by the plaintiff. Exactly when these changes were made,' the report of the case does not inform us.
The use, I apprehend, in order to give title, must have assumed its character as adverse twenty years before the right can accrue. Though I would not be understood to lay it down as a rule of law, that some assertion of right, by use hostile to the owner’s title, should be proved to have been made twenty years before. These recent acts, acquiesced in by the owner, may go to the jury as evidence *23 that the use had been in derogation of the owner’s right for the full term of twenty years. In this case, we are of opinion, the acts proved are not such as establish a use hostile to the right of the owner of the soil. They are perfectly consistent with the supposition that the use was permissive, as all these roads through wood land are presumed to be, until some evidence is offered to give them a different character, which the plaintiff, in this case, has failed to produce. The motion for a new trial is therefore granted.
Richardson, O’Neall, Earle, Butler and Wardlaw, JJ. concurred.